1   WO

2

3

4

5

6              **IN THE UNITED STATES DISTRICT COURT**

7               **FOR THE DISTRICT OF ARIZONA**

8

9   Sandra L Mannion,                       No. CV-21-01231-PHX-JAT

10              Plaintiff,                   **ORDER**

11  v.

12  Commissioner    of    Social    Security
    Administration,
13

14              Defendant.

15          Pending before the Court is a stipulation of the parties that Plaintiff be awarded

16  attorney's fees under the Equal Access to Justice Act ("EAJA").  In the stipulation, the

17  parties state: "This stipulation constitutes a compromise settlement of Plaintiff's request

18  for EAJA attorney fees, and does not constitute an admission of liability on the part of

19  Defendant under the EAJA or otherwise."  (Doc. 18 at 2).

20          The Ninth Circuit Court of Appeals has explained:

21          Pursuant to the EAJA, we are required to award [Plaintiff] fees and other
            expenses incurred in connection with his civil action unless we find that the
22          position of the United States was "substantially justified" or that special
            circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A).
23
            The test for determining whether the Secretary's position was substantially
24          justified under the EAJA is whether the position had a reasonable basis in
            both law and fact—that is, whether it was justified "to a degree that could
25          satisfy a reasonable person." *Pierce v. Underwood,* 487 U.S. 552, 565
            (1988); *see also Barry v. Bowen,* 825 F.2d 1324, 1330 (9th Cir. 1987). The
26          burden is on the Secretary to prove that his position was substantially
            justified. *Id.*
27
    *Russell v. Sullivan*, 930 F.2d 1443, 1445 (9th Cir. 1991).
28
            The Government's failure to oppose fees, but simultaneously disclaim that it owes

1  fees under the EAJA, puts the Court in a difficult position.  This case was remanded by

2  stipulation of the parties (Docs. 15-16), and this Court has never evaluated either party's

3  positions.

4          Nonetheless, applying the test as articulated in *Russell*, the Court finds that the

5  Government has failed to prove that its position was substantially justified or that special

6  circumstances make an award unjust.  930 F.2d at 1445; *see also Michele M. v. Saul*, No.

7  19-CV-00272-JLB, 2020 WL 5203375, at *1 (S.D. Cal. Sept. 1, 2020).  Additionally, the

8  parties have effectively stipulated that Plaintiff is the prevailing party.  Finally, the parties

9  have effectively stipulated that the requested fees and "expenses" are reasonable.

10         Accordingly, the Court finds that Plaintiff is entitled to an EAJA award.  Therefore,

11         **IT IS ORDERED** granting the stipulation (Doc. 18) such that fees in the amount

12  of \$2,588.72 as authorized by 28 U.S.C. § 2412, expenses in the amount of \$24.75[1] under

13  28 U.S.C. § 2412, and \$0 costs under 28 U.S.C. § 1920 are awarded subject to the terms of

14  the Stipulation.[2]

15         / / /

16         / / /

17         / / /

18         / / /

19         / / /

20         / / /

21         / / /

22         / / /

23         / / /

24

---

25  [1]  In the stipulation, counsel initially says the \$2,588.72 includes "expenses". (Doc. 18 at 1).  Then counsel seeks "expenses" in the amount of \$24.75, but cites both 28 U.S.C. § 2412 and 28 U.S.C. § 1920.  (*Id.*) Counsel did not provide an itemized statement of either amount.  The proposed form of order suggests the \$24.75 is actually an expense under 28 U.S.C. § 2412 (Doc. 18-1); thus, the Court has awarded it as such.

26

27

28  [2]  However, before any money is actually paid by the government, counsel must file an errata and add signatures to the stipulation.

1      **IT IS FURTHER ORDERED** that if, after receiving this Order, the Commissioner:

2  (1) determines upon effectuation of this Order that Plaintiff does not owe a debt that is

3  subject to offset under the Treasury Offset Program, and (2) agrees to waive the

4  requirements of the Anti-Assignment Act, then the check for the fees awarded herein will

5  be made payable to Plaintiff's attorney.[3]   However, if there is a debt owed under the

6  Treasury Offset Program, the Commissioner cannot agree to waive the requirements of the

7  Anti-Assignment Act, and any remaining Equal Access to Justice Act fees after offset will

8  be paid by a check made out to Plaintiff but delivered to Plaintiff's attorney.

9      Dated this 7th day of April, 2022.

10

11

12

13
                                      James A. Teilborg
                                 Senior United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
---
[3]  This direction is pursuant to an assignment purportedly signed by Plaintiff but not filed in the record.  *See* (Doc. 18 at 2, lines 11-15).  The Court has accepted counsel's representation that such assignment exists.